The document below is hereby signed.

Signed: December 18, 2014



_S. Martin Teel, Jr._
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| STEPHEN THOMAS YELVERTON, | ) | Case No. 09-00414 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| STEPHEN THOMAS YELVERTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adversary Proceeding No. |
| v. | ) | 14-10046 |
| | ) | |
| DISTRICT OF COLUMBIA DEPT. | ) | |
| OF PUBLIC WORKS, | ) | |
| | ) | Not for Publication in |
| Defendant. | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION REGARDING
<u>DISMISSING THIS ADVERSARY PROCEEDING</u>

This adversary proceeding must be dismissed for the following reasons.

I

On August 6, 2014, the Honorable Christopher R. Cooper of the District Court issued an *Opinion and Order* entered in *Stephen Thomas Yelverton v. Wendell W. Webster*, *et al. (In Re Yelverton)*,

Case No. 1:13-cv-1544, reported at 2014 WL 3850052, that included an injunctive provision that was designed to prevent the plaintiff Yelverton from filing civil proceedings, like this one, without having first obtained permission of the District Court. After reviewing Yelverton's filings in many courts, including this court, the District Court concluded:

> In sum, the record amply demonstrates that a pre-filing injunction is warranted in light of Yelverton's long history of vexatious and harassing filings.  He has clogged the court system with frivolous filings and has abused the judicial process.

*Opinion and Order* at 9.  Accordingly, the District Court directed that it was:

> ORDERED that Appellant shall seek leave of this Court before filing any new civil action in this Court by filing a separate motion for leave to file, not to exceed three pages.  In seeking leave to file any new complaint, the plaintiff must explain what new matters are raised to warrant the filing of a new complaint.

Because this bankruptcy court acts as a unit of the District Court, and because the jurisdiction this bankruptcy court exercises is that of the District Court over civil proceedings in bankruptcy cases, it follows that the *Opinion and Order* requiring leave to file any new civil action in the District Court applies to this adversary proceeding.[1]

---

[1]  At a hearing of December 16, 2014, in this case, I requested Yelverton to explain how this adversary proceeding, filed after the issuance of the District Court's *Opinion and Order* was not barred by that *Opinion and Order*.  He gave no satisfactory explanation.

This conclusion follows inexorably from an examination of the statutes governing the authority of bankruptcy judges to hear civil proceedings.  Under 28 U.S.C. § 151, this bankruptcy court is "a unit of the district court," and the only proceedings this bankruptcy court hears are civil proceedings within the bankruptcy subject matter jurisdiction of the district court under 28 U.S.C. § 1334(b),[2] and referred to it by the district court under 28 U.S.C. § 157(a)[3] and District Court Local Bankruptcy Rule (DCt.LBR) 5001-1.  Therefore, the bankruptcy court hears proceedings that, if there were no bankruptcy court, would be heard in the District Court as civil actions; and by express statutory provision, the bankruptcy court hears them **as a unit of the District Court**.  The "adversary proceeding" label the civil action carries in the bankruptcy court is of no import, as it merely distinguishes the civil action from a "contested matter" (the other category of civil proceedings tried in the

---

[2] 28 U.S.C. § 1334(b) provides, with exceptions of no relevance here, that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."

[3] 28 U.S.C. § 157(a) provides:

> Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

bankruptcy court, and as to which less formal procedures apply).[4]

Moreover, one way or the other, this adversary proceeding is likely ultimately to end up in the District Court and to be assigned a civil action number there:

- A proceeding referred to the bankruptcy court may be withdrawn by the District Court under 28 U.S.C. § 157(d) and DCt.LBR 5011-2; and upon the proceeding being withdrawn, it is assigned a civil action number.[5]

- In addition, Yelverton has sought a jury trial, and unless both parties consented to a jury trial in this court, 28 U.S.C. § 157(e) would require that any such jury trial be conducted in the District Court (where the matter would be assigned a civil action number).

- If an appeal ensues from this court, the appeal would be assigned a civil action number in the District Court.

---

[4] In this instance, Federal Rule of Bankruptcy Procedure 7001 required that the civil proceeding be treated as an adversary proceeding in which the bulk of the Federal Rules of Civil Procedure applicable to a civil action are made applicable (including the requirement of filing a complaint). In other words, an adversary proceeding is the analog of a civil action in the District Court. In contrast, contested matters are governed by Federal Rule of Bankruptcy Procedure 9014 (which, for example, dispenses with the requirement of filing a complaint).

[5] DCt.LBR 5011-2(f) directs that "if [a] matter is withdrawn it shall be assigned to a District Judge in accordance with this court's usual system for assigning **civil cases**, unless the Chief Judge determines that exceptional circumstances warrant special assignment to a District Judge." [Emphasis added.]

- Similarly, if the matter is a proceeding as to which the bankruptcy court would be required to submit proposed findings of fact and conclusions of law to the District Court under 28 U.S.C. § 157(c)(1), the de novo review proceeding in the District Court would be assigned a civil action number.[6]

The District Court's *Opinion and Order* entered on August 6, 2014, in *Stephen Thomas Yelverton v. Wendell W. Webster*, et al. *(In Re Yelverton),* Case No. 1:13-cv-1544, was intended to guard against that court's being clogged with further frivolous civil actions filed by Yelverton.  It would make no sense for the District Court's *Opinion and Order* to be interpreted as permitting the filing of a complaint commencing a civil proceeding in this court without the necessity of obtaining leave from the District Court when the bankruptcy court is acting as a unit of the District Court in hearing the civil proceeding.

Although the *Opinion and Order* may be ambiguous, such that Yelverton may not be in civil contempt for having commenced this adversary proceeding without leave of the District Court, I can only conclude that the *Opinion and Order* was intended to apply to adversary proceedings filed in this court.  Because Yelverton was

---

[6] DCt.LBR 9033-1(b) directs that "the matter under review shall be assigned to a District Judge in accordance with this Court's usual system for assigning **civil cases**." [Emphasis added.]

required to obtain leave from the District Court before filing this adversary proceeding, this adversary proceeding must be dismissed based on his failure to have obtained such leave.

II

This adversary proceeding is a classic example of the type of frivolous proceedings that the District Court's *Opinion and Order* was designed to prevent.  Even if the *Opinion and Order* did not apply to this adversary proceeding, Yelverton's amended complaint would still have to be dismissed.

This adversary proceeding recycles allegations made in an previous adversary proceeding filed by Yelverton against the District of Columbia, AP No. 10-10045, commenced on August 17, 2010.  The history of that matter was aptly summarized by Judge Cooper (after Yelverton's second appeal in that matter) in a *Memorandum Opinion and Order* issued on October 7, 2014 in Case No. 1:14-cv-00346:

> Debtor in bankruptcy Stephen Thomas Yelverton filed an adverse proceeding against the District of Columbia, arguing that it illegally seized and auctioned his car without proper notice.  The bankruptcy court repeatedly informed Yelverton that he must move, in his main bankruptcy proceeding, to compel the trustee to abandon these litigation claims in order to have standing to bring them himself; Yelverton never did.  The bankruptcy court thereafter granted the District's motion to dismiss for lack of standing.  Yelverton appealed to the district court, which affirmed the bankruptcy court's dismissal. During his appeal, however, Yelverton filed a new bankruptcy schedule [on July 26, 2012], listing his litigation claims against the District as exempt.  He then filed a motion in the district court to compel the trustee to abandon his claims, which the district court

6

>    remanded to the bankruptcy court.  The bankruptcy court
>    on remand denied Yelverton's motion to compel on the
>    grounds that the underlying adversary proceeding had been
>    dismissed and that the exemption did not retroactively
>    affect the dismissal.  Yelverton has now appealed the
>    bankruptcy court's decisions on remand.  For the reasons
>    stated below, the Court affirms.

(Docketed in AP 10-10045 as Dkt. No. 53.)

Despite this court's and the District Court's repeated instructions over the past four plus years to file a motion in the main bankruptcy case to compel the abandonment of claims at issue, Yelverton slept on his rights.  He failed to properly pursue his alleged claims until just recently, in the fall of 2014, when he filed this second adversary proceeding (on October 20, 2014) and a motion in the main case to compel abandonment of the claims (on November 18, 2014).[7]  In the amended complaint in this second adversary proceeding, Yelverton alleges that his claims arose as of August 17, 2010 – more than four years prior to the commencement of this adversary proceeding.  Counsel for the District of Columbia appeared at a hearing in this matter on December 16, 2014, and raised the defense of untimeliness.  To the extent that Yelverton's claims are based on Sections 522(h) and 544 (11 U.S.C.), such claims are untimely: Section 546

---

[7] Yelverton's standing to bring the claims was questionable, as there had not yet been an abandonment proceeding.  Yelverton did amend his schedules, listing his nonbankruptcy claims against the District of Columbia as exempt property, but he listed the value of the exemption as limited to $67,500.00 while seeking damages well in excess of that amount in his amended complaint.

7

requires such claims to be brought within two years after the entry of the order for relief (here, May 14, 2009) or one year after the appointment of a case trustee (here, August 20, 2010), whichever comes later.  Either way, Yelverton's claims are too late.[8]

To the extent that Yelverton asserts nonbankruptcy law claims, this court lacks subject matter jurisdiction over those claims.[9]  As I previously warned Yelverton:

> Under 28 U.S.C. § 1334(b) the district court's jurisdiction over proceedings in a bankruptcy case (which this court exercises pursuant to a local rule of referral adopted by the district court under 28 U.S.C. § 157(a)) is limited to "civil proceedings arising under title 11, or arising in or related to cases under title 11." **The claims do not arise in the bankruptcy case: the auction sale occurred prepetition.**  In addition, **the claims do not appear to be related to the bankruptcy case: any recovery by the debtor as the owner of the claims would have no apparent impact on the administration of the estate** (the test for determining whether there is "related to" jurisdiction). *See Turner v. Ermiger (In re Turner)*, 724 F.2d 338 (2d Cir. 1983) (decided under similar jurisdictional statute); *In re McClellan*, 99 F.3d 1420, 1422–23 (7th Cir. 1996); *Ostroff v. Am. Home Mortg. (In re Ostroff)*, 433 B.R. 442 (Bankr. D.D.C. 2010) (no jurisdiction to adjudicate debtor's state law claim of lien invalidity on exempt property). *See also Ludwig & Robinson, PLLC v. Yelverton Law Firm, PLLC (In re Yelverton)*, 2011 WL 1628046 (Bankr. D.D.C. Apr. 28, 2011).

---

[8]  Additionally, Yelverton does not appear to have pled a valid claim under § 544.

[9]  Yelverton's nonbankruptcy law claims are claims under the common law of conversion and the Fifth Amendment to the U.S. Constitution.  Given that I conclude that there is not subject matter jurisdiction, I will refrain from opining on the untimeliness of those non-bankruptcy law claims.

(*Memorandum Decision on Remand*, Dkt. No. 35 in AP 10-10045, entered Dec. 4, 2013.) (Emphasis added.)

## III

An order follows dismissing this adversary proceeding for failure of Yelverton to have obtained leave from the District Court to file the complaint commencing the proceeding.

[Signed and dated above.]

Copies to: All counsel of record.

9