The document below is hereby signed.

Signed: July 31, 2015



_S. Martin Teel, Jr._
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                              )
                                   )
STEPHEN THOMAS YELVERTON,          )   Case No. 09-00414
                                   )   (Chapter 7)
              Debtor.              )
_____)
                                   )
STEPHEN THOMAS YELVERTON,          )
                                   )
              Plaintiff,           )
                                   )   Adversary Proceeding No.
         v.                        )   14-10046
                                   )
DISTRICT OF COLUMBIA DEPT.         )
OF PUBLIC WORKS,                   )
                                   )   Not for Publication in
              Defendant.           )   West's Bankruptcy Reporter.
```

MEMORANDUM DECISION AND ORDER RE
MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

The plaintiff Yelverton's *Motion for Leave to Proceed in Forma Pauperis*, filed in connection with a notice of appeal of orders relating to the dismissal of this adversary proceeding, should be denied for the following reasons.

I

The appeal is pending in the District Court as Case No. 15-cv-1025 (TSC).  In a prior matter, *Yelverton v. Webster (In re Yelverton)*, 526 B.R. 429, 435 (D.D.C. Aug. 6, 2014) (Case No. 13-cv-1544 (CRC)), the District Court barred Yelverton from filing any further civil action in the District Court without having first obtained leave of the District Court to file the civil action.  Any appeal from this court is treated as a civil action in the District Court.  Accordingly, pursuant to a *Motion for Leave to Appeal Bankruptcy Case and to Allow it to be Pursued as a Civil Action* (Dkt. No. 20), Yelverton has sought leave from the District Court to pursue the appeal.  That *Motion* was transmitted to the District Court on July 27, 2015, as part of the record on appeal, which was docketed as Dkt. No. 6 in Case No. 15-cv-1025 (TSC).

II

The appeal Yelverton is pursuing is frivolous for the following reasons.

First, Yelverton failed to pursue authorization of the District Court to file this adversary proceeding.  The District Court's order barring Yelverton's filing any civil action without prior authorization of the District Court plainly extended to any civil proceeding that falls within the District Court's bankruptcy subject matter jurisdiction under 28 U.S.C. § 1334 and

2

that has been referred by District Court Local Bankruptcy Rule 5011-1 to the Bankruptcy Court to hear. *Yelverton v. Webster (In re Yelverton)* was an appeal of the dismissal of such a civil proceeding, falling within the District Court's bankruptcy subject matter jurisdiction, that had been referred to the Bankruptcy Court. Obviously the bar to filing was intended to apply to any other civil proceeding brought by Yelverton and referred by DCt.LBR 5011-1 to the Bankruptcy Court. Otherwise, the order (which would plainly bar a proceeding if it were first filed in the District Court and then referred to the Bankruptcy Court) would be readily circumvented. Indeed, Yelverton indicates that he will request the District Court to withdraw this proceeding to the District Court for it to hear pursuant to its jurisdiction under 28 U.S.C. §§ 1331 and 1332.[1] If such a request were granted without authorization having been obtained to file the complaint, the matter would be pending as a civil action in the District Court without the necessary authorization having been obtained.

    Second, for reasons explained at length in the decision

---

[1] The *Motion*, at ¶ 16, states that:

> on Appeal, the Debtor will request the District Court to "withdraw the reference" to the Bankruptcy Court, and to assert Original jurisdiction per 28 U.S.C. 1331 over this proceeding as a "takings" in violation of the Fifth Amendment and to assert Diversity jurisdiction per 28 U.S.C. 1332 for Common Law "conversion."

denying reconsideration, either the Bankruptcy Court lacked subject matter jurisdiction over this proceeding or the proceeding was one as to which abstention was clearly appropriate.  Yelverton's *Motion* fails to explain any error in this holding.

Yelverton's belated reliance on 28 U.S.C. §§ 1331 and 1332 is misplaced.  His burden was to show subject matter jurisdiction existed under 28 U.S.C. § 1334, the only source of subject matter jurisdiction for the Bankruptcy Court.

If anything, the *Motion* makes clearer that subject matter jurisdiction is lacking over Yelverton's state law claims.  As to the effect of D.C. Code § 12-309 on his state law claims against the District, Yelverton only asserts that $18,900 of those claims are liquidated claims that are not barred by § 12-309, and implicitly concedes that the balance of his state law claims are barred by that statute.  *Motion* at ¶ 11.  Even if:

> (1) that $18,900 claim were not barred (which it is, as discussed later) by the applicable three-year statute of limitations; and
>
> (2) Yelverton were to pay over a recovery of $18,900 pursuant to that claim to Senyi (his former spouse who holds a huge priority claim against the estate under 11 U.S.C. § 507(a)(1)(A)),

a payment of that $18,900 to Senyi, would, for reasons explained

4

at length in the *Memorandum Decision and Order Denying Motion to Alter or Amend Decision Per FRCP, Rule 59(e)* (Dkt. No. 17) at 15, the payment would not affect the amount of Senyi's claim against the estate, for distribution purposes, and estate funds would not suffice to satisfy her claims.  Accordingly, the state law claims would not have any impact on the administration of the estate, and bankruptcy subject matter jurisdiction could not be based on those claims.[2]

Third, this proceeding is clearly untimely.  Both the state law and constitutional law claims were subject to a three-year statute of limitations, and are barred because they were filed more than three years after Yelverton's car was improperly sold.  The continuing tort doctrine does not apply.  Yelverton argues that each day that the District of Columbia fails to turn over the $18,900 of sales proceeds it continues to commit a tort.  The law is to the contrary.  *See*, *e.g.*, *Bloom v. Alvereze*, 498 Fed. Appx. 867 (11th Cir. Nov. 19, 2012) (rejecting plaintiffs' argument that their claim for conversion was continuing because the property had not been returned).  As observed in *Perkins v. Nash*, 697 F. Supp. 527, 533 (D.D.C. 1988):

> The continuing tort doctrine is not applied just because plaintiff's *injury* is ongoing, provided the tortious

---

[2] Moreover, Senyi's § 507(a)(1)(A) claim would be paid prior to all unsecured claims other than administrative claims. That claim, even if reduced by the $18,900, would exhaust existing assets of the estate.

5

>    conduct has ceased. *See Page* [*Page v. United States*, 729
>    F.2d. 818 (D.C. Cir. 1984)] at 821 n.23.  In particular,
>    when a plaintiff is first adversely affected by a
>    defendant, the statute of limitations begins running for
>    his cause of action to recover all damages incurred by
>    that date, as well as all proveable damages that will
>    flow in the future from the acts of defendant. *Zenith
>    Radio Corp. v. Hazeltine Research*, 401 U.S. 321, 339, 91
>    S.Ct. 795, 806, 28 L.Ed.2d 77 (1970).

The decision Yelverton cites, *Underwater Storage, Inc. v. United States Rubber Co.*, 371 F.2d 950, 955 (D.C. Cir. 1966), dealing with wrongful continued use of a trade secret, is distinguishable, as each continued use of the trade secret was a new tort.

                                III

The preliminary obstacle to Yelverton's pursuit of this adversary proceeding (even if the claims asserted therein were timely and meritorious, which they were not) is that he disregarded the bar, arising from an appeal of another adversary proceeding in his bankruptcy case, against filing a further civil action without having obtained prior authorization of the District Court.[3]  Dismissal of the proceeding based on that bar is a matter arising in the bankruptcy case within the meaning of

---

[3] Yelverton's claims are meritless for reasons I have addressed at length, and if he *had* sought authorization to pursue this proceeding, the lack of merit would have warranted a denial of such authorization.  As discussed in part I above, Yelverton *has* sought leave to pursue the appeal, assigned a civil action number in the District Court, and the lack of merit to his claims is an additional reason (beyond the lack of authorization to file the adversary proceeding) why leave to pursue the appeal should be denied.

6

28 U.S.C. § 1334(b).  Accordingly, administration of that bar and the question of whether to dismiss based upon the applicability of that bar was a core proceeding that the Bankruptcy Court was authorized to decide under 28 U.S.C. § 157(b)(1).[4]  Furthermore, addressing dismissal on that ministerial basis was not a proceeding that Article III of the Constitution required to be adjudicated by the District Court.  Review of the dismissal of the adversary proceeding on that basis must thus proceed by way of appeal.

IV

Appeals from the bankruptcy court to the district court "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts . . . ." 28 U.S.C. § 158(c)(2).  To the extent that an appellant from a bankruptcy court decree seeks an order pursuant to 28 U.S.C. § 1915 to permit the appeal without *prepayment* of the filing fee, it is appropriate to follow the procedures that apply when an appellant from a district court decree seeks a § 1915 order authorizing pursuit of the appeal

---

[4] Having failed to obtain authorization to pursue this civil proceeding, it is irrelevant (for purposes of the motion to proceed in forma pauperis) whether the claims he seeks to assert would have been non-core claims if Yelverton had obtained such authorization.

without prepayment of the filing fee.[5]  Under 28 U.S.C. § 1915(a), the court should deny an application for waiver of the appellate fees if the appellant identifies no issue the appellant would pursue on appeal that has an arguable basis in law and fact (the test for ascertaining whether the appeal is pursued in good faith). *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Cortorreal v. United States*, 486 F.3d 742, 743 (2d Cir. 2007); *Sills v. Bureau of Prisons*, 761 F.2d 792, 794-95 (D.C. Cir. 1985).  Yelverton has identified no such issue in regard to the preliminary and dispositive issue of whether he was barred from filing the adversary proceeding without first having obtained authorization of the District Court.  Accordingly, the appeal is not pursued in good faith, and I must deny the motion.

---

[5] *See, e.g., Rivera-Siaca v. DCC Operating, Inc.*, 416 B.R. 9, 17 (D.P.R. 2009) (in bankruptcy appeal, district court applied Fed. R. App. P. 10(e) in addressing a motion to supplement the record on appeal); *First Owners' Ass'n of Forty Six Hundred v. Gordon Properties, LLC*, 470 B.R. 364, 371-72 (E.D. Va. 2012) (in ruling on an interlocutory bankruptcy appeal, a district court looks by analogy to the standard set forth in 28 U.S.C. § 1292(b) governing interlocutory appeals in non-bankruptcy cases); *In re BWP Gas, LLC*, 354 B.R. 701, 705 (E.D. Pa. 2006) (applying standard that would apply in a nonbankruptcy appeal regarding review of a decision to permissively abstain to the district court's review of a bankruptcy court's decision to permissively abstain).

V

In accordance with the foregoing, it is

ORDERED that *Yelverton's Motion for Leave to Proceed in Forma Pauperis* (Dkt. No. 21) is DENIED.

[Signed and dated above.]

Copies to: All counsel of record.